**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CECIL BERNARD TOSSIE,

Plaintiff,

v.

Case No. 3:26-cv-1600-WWB-PDB

RICKY DIXON, et al.,

Defendants.

---

# ORDER

Plaintiff Cecil Bernard Tossie, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1). Generally, Tossie alleges that his constitutional rights were violated when he was prohibited from participating in Passover while he was incarcerated at the Suwannee Correctional Institution Annex. Because Tossie seeks to proceed *in forma pauperis*, the Court reviews whether the allegations in the Complaint are frivolous, facially deficient, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). The PLRA's "failure to state a claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted a true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complain must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. *Id*.

## I. COMPLAINT

Tossie's Complaint is difficult to understand because it mostly consists of incomplete phrases. Generously reading the Complaint, as best as the Court can discern, Tossie alleges that while he was incarcerated at the Suwannee Correctional Institution Annex, he signed up to participate in Passover before November 1, 2025, but was denied permission. (Doc. 1 at 4–5). Tossie was not offered a "reasonable reason" for the denial. (*Id*. at 5). In April 2026, the prison did not offer Passover in order to save money. (*Id*. at 5). Tossie is a Christian, and he was denied the opportunity to participate in this religious holiday. (*Id*.).

Tossie vaguely alleges that he "file[d] [a] grievance, 3.03 and letter to the facts[.]" (*Id*. at 8). And, he attaches to his Complaint an informal grievance dated April 6, 2026, in

which he writes that "Passover is over" and his "rights as a religious person [were violated][.]" (Doc. 1-1 at 10).

Tossie invokes his rights under the First, Fifth, and Fourteenth Amendments. (*Id.* at 3). He lists as defendants the Secretary of the Florida Department of Corrections, two assistant wardens, two chaplains, and a grievance coordinator, although he alleges no facts specific to any defendant. (*Id.* at 2–3). As a remedy, he requests "the right to [participate] in all religious holiday[s], program[s], [and] meals as [a] Christian[.]" (*Id.* at 5).

## II. DISCUSSION

As an initial matter, Tossie's Complaint is an impermissible shotgun pleading because it "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). His Complaint is "replete with conclusory, vague" allegations, and he does not specify which claims he seeks to bring against which Defendant or the allegations supporting his claims. He also does not specify which Defendant is responsible for the rule and decisions of which he complains. *Id.*

The Complaint is also subject to dismissal for failure to state a plausible free-exercise-of-religion claim. The First Amendment prohibits Congress from enacting any law "prohibiting the free exercise" of religion. U.S. Const. amend I. "It applies to the states (and their political subdivisions) through the Due Process Clause of the Fourteenth Amendment." *Dorman v. Aronofsky*, 36 F.4th 1306, 1312 (11th Cir. 2022) (citing *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 489 n.1 (1996)). Importantly, however, "[a]lthough prison inmates retain protections afforded by the First Amendment's Free

Exercise Clause, prison officials may impose limitations on an inmate's exercise of sincerely held religious beliefs if the limitations are 'reasonably related to legitimate penological interests.'" *Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)); *Turner v. Safley*, 482 U.S. 78, 89 (1987).

"To plead a valid free exercise claim, [a plaintiff] must allege that the government has impermissibly burdened one of his sincerely held religious beliefs." *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1294 (11th Cir. 2007); *see also Robbins v. Robertson*, 782 F. App'x 794, 801 (11th Cir. 2019) (citing *GeorgiaCarry.Org., Inc. v. Georgia*, 687 F.3d 1244, 1256 (11th Cir. 2012) ("First Amendment Free Exercise Clause precedent is clear: a plaintiff must allege a constitutionally impermissible burden on a sincerely held religious belief to survive a motion to dismiss.")). "[The Eleventh Circuit] [has] read this pleading requirement as having two components: '(1) the plaintiff holds a belief, not a preference, that is sincerely held and religious in nature, not merely secular; and (2) the law at issue in some way impacts the plaintiff's ability to either hold that belief or act pursuant to that belief.'" *Cambridge Christian Sch., Inc., v. Fla. High Sch. Athletic Ass'n, Inc*., 942 F.3d 1215, 1246 (11th Cir. 2019) (quoting *GeorgiaCarry.Org, Inc.*, 687 F.3d at 1256–57).

"[A] substantial burden [on religious exercise] is 'more than an inconvenience' and is 'akin to significant pressure which directly coerces the religious adherent to confirm his or her behavior accordingly.'" *Dorman v. Aronofsky*, 36 F.4th 1306, 1314 (11th Cir. 2022) (quoting *Thai Meditation Ass'n of Ala., Inc. v. City of Mobile*, 980 F.3d 821, 829–30 (11th Cir. 2020)). Notably, "requiring [prisoners] to register for Passover 45 days in advance is not a substantial burden on their Jewish faith under [the Religious Land Use and

Institutionalized Persons Act (RLUIPA)].” *Id.* The registration requirement, although “admittedly an inconvenience,” “does not pressure, force, or coerce [Jewish prisoners] to abandon, forego, confirm, or delay any of their religious beliefs or practices.” *Id*. (citing *Konikov v. Orange Cnty*., 410 F.3d 1317, 1323–24 (11th Cir. 2005)). Furthermore, the Eleventh Circuit has observed that “[i]f a claim fails under the RLUIPA—which embeds a heightened standard for government restrictions on the free exercise of religion—it necessarily fails under the First Amendment.” *Dorman*, 36 F.4th at 1313.

Tossie’s allegations are insufficient to state a plausible free-exercise-of-religion claim under the First Amendment. He simply alleges that, despite registering in November 2025, he was prohibited from participating in Passover in April 2026 and that the prison did not offer Passover in order to save money. Tossie fails to allege any details concerning how he registered for Passover or why he was denied permission to participate. He fails to allege whether his claim concerns his prohibition from Passover services or denial of a Passover diet, or both. Furthermore, because Tossie alleges that he was prohibited from participating in Passover on one occasion, he has not alleged a substantial burden on his practice of religion. *See Wilkinson v. GEO Grp., Inc*., 617 F. App’x 915, 918 (11th Cir. 2015) (temporary disruption of a particular religious devotion did not place a substantial burden on religious practice).

The Court need not afford Tossie an opportunity to amend his Complaint in this action because he fails to show that a more carefully drafted complaint might state a plausible claim. *See Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) ([B]efore dismissing a complaint, a district court must give a *pro se* party at least one chance to amend the complaint if a more carefully drafted complaint might state a claim.” (quotations

omitted)); *see also Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) ("Where a more carefully drafted complaint might cure the deficiencies in a complaint, a *pro se* plaintiff must be given at least one chance to amend before it is dismissed with prejudice. . . . Absent of one of [two exceptions not applicable here], a district court must advise a *pro se* plaintiff of the deficiencies in his complaint and give him an opportunity to amend." (internal quotation marks and citation omitted)). In one of Tossie's earlier-filed actions, the undersigned recently explained the pleading standards applicable to a free-exercise-of-religion claim and identified pleading deficiencies. *See Tossie v. Fla. Dep't of Corrs.*, No. 3:26-cv-997, 2026 WL 1498261, at *2 (M.D. Fla. May 28, 2026) (dismissing Tossie's § 1983 Complaint without prejudice). Despite being advised of the applicable pleading standards, Tossie repeats the same pleading deficiencies in this action.

## III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Tossie's Complaint is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on September 30, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-5
C: Cecil Bernard Tossie, X52238